UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATTHEW HARPER,
        Plaintiff,

                                                                 Civil Action No.

        -Against-

THE CITY OF NEW YORK and                             COMPLAINT
THE CITY OF NEW YORK DEPARTMENT
OF CORRECTIONS; THE STATE OF NEW YORK;
THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS; ULSTER CORRECTIONAL
FACILITY; CORRECTIONS
OFFICERS JOHN DOE and RICHARD ROE and
SUPREME COURT, CRIMINAL TERM CLERK
JOHN DOE/JANE DOE AND others whose True
names and shield numbers are presently unknown.
                       Defendants.
----------------------------------------------------------X

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, MATTHEW HARPER seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986, and the rights secured by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

    2.    The plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interests and attorney's fees, and such other and further relief as this court deems equitable.

## JURSIDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4), this being an action seeking for the violation of plaintiff constitutional and civil rights.

4. Plaintiffs' claims for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

5. The plaintiff further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a), over any and all state law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

6. The plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

7. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b), and (c).

## THE PARTIES

8. Plaintiff MATTHEW HARPER is a citizen of the United States who resided in Brooklyn, New York, at the time the events giving the rise to his claims occurred.

9. Defendant THE CITY OF NEW YORK DEPARTMENT OF CORRECTIONS is a municipal entity created and authorized under the laws of the State of New York. It is

authorized by law to maintain a department, which acts as its agent in the area of incarceration and corrections for which it is ultimately responsible. The defendant CITY OF NEW YORK assumes the risks incidental to the maintenance and employment of its staff as said risk attaches to the public consumers of the services provided by the DEPARTMENT.

10.	Defendant STATE OF NEW YORK DEPARTMENT OF CORRECTIONS is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all incarceration and corrections functions for the defendant STATE OF NEW YORK and assumes the risks incidental to the maintenance of its staff and facilities.

11.	At all times relevant herein, the corrections Officers named herein, (collectively "defendant officers") and defendant CRIMINAL COURT CLERKS (Collectively "defendant clerks") were acting under color of law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND STATE OF NEW YORK respectively and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the STATE OF NEW YORK DEPARTMENT OF CORRECTIONS and CITY OF NEW YORK DEPARTMENT OF CORRECTIONS and defendant STATE OF NEW YORK at all times relevant herein with the power and authority vested in them as officers, agents and employees THEREOF and incidental to the lawful pursuit of their duties as officers, employees and agents. Plaintiff is unable to determine the true names of said defendants "John Doe and Richard Roe" at this time and thus sue them under a fictitious designation. All of the defendants Officers and court clerks are sued individually and in their official capacities.

## FACTUAL ALLEGATIONS

12. Plaintiff was previously sentenced to an indeterminate sentence of 3 ½ to 7 years in New York State prison for attempted criminal possession of a controlled substance in the Third Degree and a determinate sentence of five (5) years for for Criminal Possession of a Weapon in the Third Degree (hereinafter "Plaintiff's sentence). Plaintiff's maximum expiration date was April 22, 2013. A copy of Petitioner's legal date computation is annexed hereto as **exhibit A.**

13. While on parole, Plaintiff was arrested on October 3, 2012 and for and ultimately convicted of Criminal Possession of a Controlled Substance in the Seventh Degree (a misdemeanor). On January 11, 2013, Plaintiff was sentenced to 6 months in jail as a result of that conviction. This is the sentence at issue in the instant case.

14. Sentencing judge Raymond L. Bruce ordered that the sentence run concurrent with plaintiff's previously imposed state sentence. That record is reflected clearly and plainly in the minutes of the Plaintiff's sentencing proceedings. See minutes of sentencing proceedings annexed hereto as **exhibit B.**

15. Contrary to the judge's order that the sentence be served concurrent with the state sentence, Plaintiff was forced to serve consecutive sentences. Plaintiff's maximum expiration date was changed from April 22, 2013 to August 21, 2013. Plaintiff was forced to remain unjustly incarcerated for a period of four (4) months.

16. Throughout this incarceration, Plaintiff voiced his concerns and objections to his incarceration and demanded that the authorities contact the court to verify his contention that Judge Bruce had in fact ordered that the time run concurrently.

17.     As a consequence of defendants's actions and inactions, Plaintiff was made to serve an additional and extra four (4) months in prison. That sentence was unjustified and not sanctioned by the court.

18.     As a direct and proximate result defendants conduct, confinement and prosecution, plaintiff suffered loss of liberty.

## AS AND FOR A FIRST CLAIM OF RELIEF
### 42 U.S.C. §§ 1983
(By Plaintiff Against All Defendants)

19.     Plaintiff repeats and reallege paragraphs 1 through 18 as if fully set forth herein.

20.     By incarcerating Plaintiff without cause, Defendants deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

21.     The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment. Said acts or failures to act by the unknown Defendants were beyond the scope of their jurisdiction, without authority of the law, and in abuse of their powers, and said defendants acted or conspired to act, willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

22.     As a direct and proximate result of the misconduct and abuse of the authority detailed above, plaintiff sustained damages hereinbefore alleged.

## AS AND FOR A SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983
(By Plaintiff Against Defendant Officers)

23.     Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

23.     By imprisoning Plaintiff without probable cause, the Defendants deprived Plaintiff of due process as guaranteed to all, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

24.     The Defendant acted under pretense and color of state law and in their individual and official capacities and within scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted, or conspired to act, willfully knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR THIRD CLAIM FOR RELIEF
False Arrest and False Imprisonment
LOSS OF LIBERTY
(By Plaintiff Against All Defendants)

26.     Plaintiff repeats and re-alleges paragraph 1 through 25 as if the same were willfully set for that length herein.

27.     The Defendants wrongfully and illegally detained and imprisoned plaintiff and allowed said incarceration to remain.

28.     The wrongful, unjustifiable and unlawful detention and imprisonment were carried out without plaintiff's consent and without probable cause.

29. At all relevant times, the Defendant acted to deprive plaintiff of his liberty or with reckless disregard to that fact.

30. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held, deprived of his liberty, imprisoned and falsely charged.

31. At all times mentioned, the unlawful, wrongful imprisonment of plaintiff was without right and without probable or reasonable cause.

32. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

33. Defendants, their officers, agents, clerks, servants and employees were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant CITY AND STATE as employer of the DEFENDANT OFFICERS AND CLERKS, are responsible for their wrongdoing under the doctrine of *respondeat superior.*

34. The Defendant Officers and clerks acted, or conspired to act, with a knowing, willful, wanton, grossly, reckless, unlawful, unreasonable, unconscionable and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and were guilty or egregious and gross misconduct toward plaintiff. By imprisoning Plaintiff without probable cause, the Defendants deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR THE SIXTH CLAIM FOR RELIEF
Negligence
(By Plaintiff Against Defendants CLERKS)

36. Plaintiff repeat and reallege paragraphs 1 through 35 as if the same were fully set forth at length herein.

37. Upon information and belief, defendant clerks owed a duty of care to plaintiff to prevent the mental abuse and loss of liberty sustained by plaintiff by properly documenting and communicating Judge Bruce concurrent sentence to defendants CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND STATE OF NEW YORK respectively. Defendant CLERKS failed to properly document and relay said concurrent sentence

38. Upon information and belief defendant CLERKS owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that loss of liberty to plaintiff or to those in a like situation would probably result from this conduct.

39. Upon information and belief, the Defendant CLERKS were unfit and incompetent for their positions.

40. Upon information and belief, Defendants CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND STATE OF NEW YORK knew, or should have known through the exercise of reasonable diligence, that Plaintiff was being held without cause.

41. Upon information and belief, defendant STATE OF NEW YORK'S negligence in hiring and retaining the Defendant CLERKS proximately caused plaintiffs' loss of liberty.

41.	Upon information and belief, because of Defendants STATE OF NEW YORK's negligent hiring and retention of the aforementioned Defendant CLERKS, plaintiff incurred significant and lasting losses.

WHEREFORE, the plaintiff demands the following reliefs severally against all of the defendants:

a. Compensatory damages in the amount of $1,000,000.00;

b. Punitive damages in the amount of $1,000,000.00; and lost wages

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

DATED:	Brooklyn, New York
1/24/14

Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, NY 11241
Phone: 718. 887.5536
Fax: 718.875.5440

## VERIFICATION

STATE OF NEW YORK )

ss..

COUNTY OF KINGS )

MATTHEW HARPER, being duly sworn, deposes and says:

    That he is the Plaintiff herein; that he has read the foregoing complaint; that he knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

_____
MATTHEW HARPER

Subscribed and sworn to before
Me this ___ day of _____, 2014

_____
NOTARY PUBLIC

JOSEPH RUSSO
Notary Public, State of New York
Commission Expires March 15, 2015

```
04/23/13    SRCL009    RECEPTION/CLASSIFICATION SYSTEM  *RCLASS*    PAGE  001
09:11:51               LEGAL DATE COMPUTATION           COMP DATE:  04/17/2013
                                                        BY:  CCNSWXS
            TYPE 90 (MANUAL COMPUTATION                                      )

   DIN:  01R0412   NAME:  HARPER, MATTHEW                NYSID:  08839637Q

   CURRENT LOCATION:  ULSTER REC    - 08-01-42T

   DATE RECEIVED                  2001 06 29
   MINIMUM TERM                   004 03 10   TIME TO SERVE (MINIMUM)   003 08 28
   MAXIMUM TERM                   007 00 00   TIME TO SERVE (MAXIMUM)   006 05 18
   JAIL TIME (DAYS)                     0192  TIME OWED (MINIMUM)       000 09 01
   DATE SENTENCED                             TIME OWED (MAXIMUM)       000 06 21
   ORIG. MAX. EXP. DATE           2013 04 22  PAROLE JAIL TIME (DAYS)         0072
   DATE DECLARED DELINQUENT       2012 10 01  NET TIME OWED             000 04 09
   DATE RETURNED                  2013 04 12  LIMITED CREDIT TIME POSSIBLE
   ORIG. DATE RECEIVED                        SUPPLEMENTAL MERIT TIME POSS.
   DATE RELEASED                              MERIT TIME POSSIBLE
   DATE FAILED TO RETURN                      GOOD TIME ADJUSTMENT
   DATE ESCAPED                               GOOD TIME POSSIBLE        000 00 00
   ORIG. PAR. ELIG. DATE                      LIMITED CREDIT TIME DATE
   OTHER STATE SENT. DATE                     SUPPLEMENTAL MERIT ELIG DT
   DATE DISCHARGED                            MERIT ELIGIBILITY DATE
   DATE REAFFIRMED                            PAROLE ELIGIBILITY DATE   2005 07 27
   PRIOR TIME CREDIT                          PAROLE HEARING DATE/TYPE        FMAX
   MEPS                                       TENTATIVE RELEASE DATE
   PAROLE BOARD DISCHARGE                     MAXIMUM EXPIRATION DATE   2013 08 21
   PRS              PRS ME                    CONDITIONAL RELEASE DATE  9999 99 99
                                              T.A.C. DATE/TYPE          9999 99  FMAX

   REMARKS:  RPV W/CS DET/INDET,PRSV,R/R,NO PRS,RPV2X, FIXED ME, RPV




   DIST:   IRC (1), GUID & COUNS UNIT (1), INST PAROLE  (1), INMATE (1)
```

```
 1   CRIMINAL COURT OF THE STATE OF NEW YORK
     COUNTY OF BRONX: CRIMINAL TERM: PART FB
 2   ------------------------------------------x

 3   PEOPLE OF THE STATE OF NEW YORK,
                                              DOCKET NO.
 4              - against -                   2012BX057668

 5   MATTHEW HARPER,

 6                         Defendant.

 7   ------------------------------------------x

 8                         265 East 161st Street
                           Bronx, New York 10451
 9                         January 11, 2013

10

11   B E F O R E:

12              HONORABLE RAYMOND L. BRUCE,

13              Justice of the Supreme Court

14   A P P E A R A N C E S:

15

16              ROBERT T. JOHNSON, ESQ.
                DISTRICT ATTORNEY, BRONX COUNTY
17              BY: MIRIAM O'SULLIVAN, ESQ.
                Assistant District Attorney
18
                THE LEGAL AID SOCIETY
19              Attorney for the Defendant
                260 East 161st Street
20              Bronx, New York 10451
                BY:  JEFFREY BLOOM, ESQ.
21

22                              Nancy D. Grasso
                                Official Court Reporter
23

24

25
```

```
 1              THE COURT OFFICER:  This is number 15 on the F.B.
 2    calendar, Matthew Harper.  The defendant is charged with
 3    205.25 and other related charges.
 4              Appearances.
 5              MR. BLOOM:  From the Office of Steven Banks by
 6    Jeffrey Bloom for Mr. Harper.
 7              MS. O'SULLIVAN:  Miriam O'Sullivan from the
 8    Office of Robert T. Johnson.
 9              The People have an offer of a 220.03 and six
10    months jail.
11              MR. BLOOM:  My client is willing to accept that
12    as long as it is running concurrent with the parole
13    violation and time that he served.
14              THE COURT:  Do you want to step up?
15              MR. BLOOM:  Sure.
16              THE COURT:  Off the record.
17              (OFF THE RECORD DISCUSSION AT THE BENCH)
18              THE COURT:  Back on the record.
19              The People's application to dismiss the Felony
20    Count is granted.
21              Do you want to enter the plea?
22              MR. BLOOM:  Yes, Your Honor, at this time, my
23    client has authorized me to withdraw his previously entered
24    plea of not guilty and enter a plea of guilty to the Class
25    A Misdemeanor pursuant to Penal Law §220.03.  And that's
```

1   with the understanding that he will be sentenced to six
2   months jail, which will run concurrent with parole time
3   that he's serving in Richmond County, indictment 204 of
4   2000.
5           THE COURT: Tony, can you swear the defendant in.
6           THE COURT CLERK: Mr. Matthew Harper?
7           MR. HARPER: Yes.
8           MATTHEW HARPER, a witness called on behalf of the
9   Defendant after having been first duly sworn or affirmed
10  and testified as follows:
11          THE COURT: Counsel, this is academic, but of
12  course, how much time is remaining on the parole sentence?
13          MR. BLOOM: He gets out on parole on April 21st
14  or 22nd, 2013.
15          THE COURT: And good time on six months would
16  approach four months?
17          MR. BLOOM: In February, he would be done with
18  this.
19          THE COURT: Thank you. So, you have explained to
20  your client that he is not going to be be able to drive for
21  six months?
22          MR. BLOOM: He understands that, Your Honor.
23          (QUESTIONS BY HONORABLE RAYMOND BRUCE OF
24  DEFENDANT MATTHEW HARPER.)
25  Q.   Mr. Harper, the gentleman standing to your left is

1  your attorney; is that correct?

2     A.  Yes.

3     Q.  And you are satisfied with your attorney's
4  representation of you thus far?

5     A.  Yes.

6     Q.  You do understand that when you plead guilty, you
7  waive your right to trial?

8     A.  Yes.

9     Q.  Those rights include the right to a jury trial, the
10 right to challenge the evidence that the People would be using
11 in order to make out a case against you?

12    A.  Yes.

13    Q.  One of the Notices that was served at the time, the
14 Identification Notice.  That means that somebody identified you
15 as the individual who was in possession of the alleged drugs
16 that you allegedly possessed.

17        When you plead guilty, you waive your right to
18 challenge the identification.  People say that they have a
19 witness who saw you with possession of drugs; do you understand
20 that?

21    A.  Yes.

22    Q.  So, you could challenge that identification of you as
23 the individual who had these alleged drugs if you went to trial.
24 By pleading guilty, you waive that constitutional right; do you
25 understand that?

1    Q.   Before you answer the next question, speak to your
2    attorney.  What was in each of the bags?
3    A.   Crack cocaine, sir.
4            THE COURT:  I'll accept your plea.
5        Do you waive preparation of the I.N.S. report?
6            MR. BLOOM:  Yes, Your Honor.  And stand ready for
7    sentencing presently?
8            MR. BLOOM:  Yes, Your Honor.
9            THE COURT:  The sentence of this Court is six
10   months jail, that is city time.  That sentence will run
11   concurrent with your current parole sentence, which is
12   connected with indictment number 204 of 2000 in Richmond
13   County.
14           Sentence is imposed.  Take charge.  Follow the
15   directions of the officers.
16           THE COURT OFFICER:  Step in.
17
18                  *    *    *    *    *
19
20           Certified to be a true and accurate record of the
21   above proceedings.
22
23           _____
24                   Nancy D. Grasso
                    Official Court Reporter
25